WESTINGHOUSE AIR–BRAKE CO. v. CHRISTENSEN ENGINEERING CO.

(Circuit Court, S. D. New York.   July 9, 1900.)

PATENTS—INFRINGEMENT—AIR-BRAKE MECHANISM.

The Westinghouse patent, No. 360,070, for improvements in fluid pressure automatic brake mechanism, under the construction placed thereon by the supreme court. must be confined closely to the details of the mechanical structure disclosed therein, and is not infringed by a device so constructed that, in the application of the brake, air is admitted to the brake-cylinder from both the train-pipe and the auxiliary reservoir.

In Equity. Suit for infringement of a patent. On motion for preliminary injunction.

The patent sued upon is No. 360,070, March 29, 1887, to George Westinghouse, Jr., for improvements in fluid pressure automatic brake mechanism. The claims relied on are the first four, which read as follows: "(1) In a brake-mechanism, the combination of a main air-pipe, an auxiliary reservoir, a brake-cylinder, a triple valve, and an auxiliary-valve device, actuated by the piston of the triple valve, and independent of the main valve thereof,

for admitting air in the application of the brake directly from the main air-pipe to the brake-cylinder, substantially as set forth.' (2) In a brake-mechanism, the combination of a main air-pipe, an auxiliary reservoir, a brake-cylinder, and a triple valve having a piston, whose preliminary traverse admits air from the auxiliary reservoir to the brake-cylinder, and which by a further traverse admits air directly from the main air-pipe to the brake-cylinder, substantially as set forth. (3) In a brake-mechanism, the combination of a main air-pipe, an auxiliary reservoir, a brake-cylinder, and a triple valve having a piston, whose preliminary traverse admits air from the auxiliary reservoir to the brake-cylinder, and which by a further traverse admits air directly from the main air-pipe to the brake-cylinder, and effects a second admission of air from the auxiliary reservoir to the brake-cylinder, substantially as set forth. (4) The combination, in a triple-valve device, of a case or chest, a piston fixed upon a stem and working in a chamber therein, a valve moving with the piston-stem and governing ports and passages in the case leading to connections with an auxiliary reservoir and a brake-cylinder and to the atmosphere, respectively, and an auxiliary valve actuated by the piston-stem and controlling communications between passages leading to connections with a main air-pipe and with the brake-cylinder, respectively, substantially as set forth."

Frederick H. Betts, for the motion.
William A. Jenner and Edmund Wetmore, opposed.

LACOMBE,• Circuit Judge (after stating the facts). The entire subject of the automatic air brake art, down to and including the subsequent improvement of George Westinghouse, Jr. (No. 376,837), has been most fully discussed in this circuit in two litigations; the first brought upon No. 376,837 (Westinghouse v. Air-Brake Co. [C. C.] 59 Fed. 581; Id., 11 C. C. A. 528, 63 Fed. 962), and the second upon No. 360,070 (Westinghouse Air-Brake Co. v. New York Air-Brake Co. [C. C.] 65 Fed. 99; Id., 16 C. C. A. 371, 69 Fed. 715). It would be idle repetition to rehearse again this twicetold tale. To the judges in this circuit it seemed that in No. 360,070 the patentee disclosed to the world a highly meritorious invention; that in the. fullest sense of the word he was a pioneer; that, although the mechanism of 360,070 had serious defects, which were eliminated by subsequent improvements, nevertheless it was operative, was novel, and pointed out the path of future success. It seemed clear that the great advance made by 360,070 was that the braking-mechanism, which, considered as a whole, runs from the engine to the rear of the train, was so modified that the compressed air locally vented at each car was by the operation of the engineer's valve vented at the proper time, not to the open air, but into the brake-cylinder. No one had done this before, and there was not disclosed any subsequent efficient brake-mechanism of the type in question which did not make use of this very improvement. Moreover, it did not seem to us that when an inventor so arranged the ports, passages, and moving parts of an extensive piece of mechanism so that the compressed air which operated it was guided into one part of the mechanism instead of into another, thereby securing a novel and most meritorious improvement in its efficiency, his claim was obnoxious to the objection that it was for a function. For these reasons, as will be seen from the citations, supra, all the decisions in this circuit held that 360,070 "achieved great necessities and overcame great hindrances"; that it gave to

the world an improvement in the art which was essential to the structure of a successful quick-action air brake, and was an indispensable part of the "bridge which carried railroad car builders from failure to success." Therefore it was held to be a patent of great breadth, and its claims were construed most liberally to cover the meritorious invention they disclosed, and the patentee was given the fullest benefit of the doctrine of equivalents. Were this construction still to prevail, there would be little difficulty in finding infringement in the device of defendant in this suit. But the obstacle in the way of granting relief to complainant is that since this patent was last discussed here the supreme court has reached an entirely opposite conclusion. Westinghouse v. Boyden Power-Brake Co., 170 U. S. 537, 18 Sup. Ct. 707, 42 L. Ed. 1136. The circumstance that this decision was concurred in by a bare majority of the court may doubtless be considered when it is collated with other deliverances of the same tribunal in order to deduce from them all some principle of general application, but surely, so far as No. 360,070 is concerned, it must end all discussion. That patent, at least, must now be construed by the circuit courts as one which is saved from invalidity as an attempt to patent a function solely by confining its claims closely to the details of mechanical structure which they disclose. This materially simplifies the discussion of the question here presented. The supreme court found that the Boyden structure was saved from infringement by reason of several differences existing between it and that described in No. 360,070. One of these differences is thus stated:

"In the Westinghouse patent the [auxiliary] valve is not in the line of travel between the auxiliary reservoir and the brake-cylinder, and admits train-pipe air only. In the Boyden patent it is in the line of travel, both from the auxiliary reservoir and from the train-pipe, and admits both currents of air to the brake-cylinder."

From the affidavits submitted with the moving papers and the contrasted drawings of the devices of complainant and defendant (Exhibit A), it would appear that defendant's device in this particular resembled Westinghouse, rather than Boyden. The green line representing auxiliary reservoir is represented as passing wholly through the adit 6 to valve 31, and thence directly into the adit to the brake-cylinder. But the defendant insists, and its affidavits, exhibits, and diagrams support the proposition that some considerable portion of the auxiliary reservoir air passes through the additional adit 6, and leaks through under the emergency valve 41. The result of a careful examination of the affidavits and exhibits is to lead to the conclusion that for the purposes of a motion for preliminary injunction it must be admitted that defendant's device acts by allowing no inconsiderable part of its auxiliary reservoir air—most frequently (when 31 is closed) the whole of such air—to follow a line of travel intersected by the auxiliary valve. Complainant's affidavits cannot be accepted as establishing the converse in the face of defendant's affidavits and exhibit, whatever may be developed when testimony is taken under cross-examination. Inasmuch as the train-pipe air concededly follows a line of travel in which the same valve is encounter-

ed, the result is that stated in the Boyden Case,—the valve "admits both currents of air to the brake-cylinder." Since this change of location of the valve, slight though it be, was expressly enumerated as one of those modifications which differentiated Boyden from Westinghouse, the opinion in 170 U. S., 18 Sup. Ct., and 42 L. Ed.. constrains this court to give to a like change the same effect in differentiating Christensen from Westinghouse. The motion for preliminary injunction is denied.